a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ISAME HENRY FACIANE JR #355981, Petitioner | CIVIL DOCKET NO. 1:24-CV-01748 SEC P |
| VERSUS | JUDGE EDWARDS |
| STATE OF LOUISIANA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Isame Henry Faciane, Jr. ("Faciane"). Faciane is incarcerated at the Avoyelles Marksville Detention Center in Marksville, Louisiana. He challenges a conviction and sentence imposed in the 15th Judicial District Court, Lafayette Parish.

Because Faciane's claims are procedurally defaulted and, alternatively, meritless, the Petition should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Faciane was charged with five counts of aggravated crimes against nature for having sexual intercourse with his stepdaughter, who was 14 when the offenses began. *State v. Faciane*, 2019-702, p. 1 (La.App. 3 Cir. 3/18/20); 297 So.3d 823, 825. He was convicted and sentenced to 15 years of imprisonment. *Id.*

On appeal, Faciane argued that his sentence was excessive, and that the trial court erred in denying his motion in limine regarding the testimony of a clergyman. *Id.* The conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeal. *Id.* Faciane did not seek review in the Louisiana Supreme Court.

Faciane filed an Application for Post-Conviction Relief on February 18, 2021. ECF No. 1-2 at 39. He claimed that there was insufficient evidence to convict him because the victim's testimony was impeachable and inconsistent; the trial was unfair due to numerous prejudicial mentions of other crimes evidence; and he received ineffective assistance of counsel at various stages of the proceedings. ECF No. 1-2 at 44-48.

The trial court denied relief at the conclusion of a hearing on the application. ECF No. 1-2 at 67, 124-25. Faciane was also denied relief in the Third Circuit and the Louisiana Supreme Court. *See State v. Faciane*, 2024-00904, p. 1 (La. 11/6/24); 395 So.3d 864, 865; ECF No. 1-2 at 127.

In this § 2254 Petition, Faciane argues that the victim's testimony was impeachable and inconsistent; that his arraignment was untimely; and that his attorney provided ineffective assistance by failing to introduce a video interview of the victim.

II.  <u>Law and Analysis</u>

    A.  <u>Faciane's Petition is subject to screening under Rule 4 of the Rules Governing 28 U.S.C. § 2254 Cases.</u>

Rule 4 of the Rules Governing § 2254 Cases provides that "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the

2

petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

    **B.**    <u>Faciane's Petition is timely.</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing federal applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1)(A). The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." *Id.* Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser,* 163 F.3d at 328.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Faciane appealed to the Third Circuit but did not seek review in the Louisiana Supreme Court. Therefore, his conviction became final when the time for seeking review in the Louisiana Supreme Court expired. The one year limitations

period commenced on April 18, 2020. *See* La. Sup. Ct. R. 10. The post-conviction application was filed on February 8, 2021, after 296 days of the federal limitations period had lapsed. The limitations period remained tolled until the conclusion of post-conviction proceedings on November 6, 2024. *See State v. Faciane*, 2024-00904, p. 1 (La. 11/6/24); 395 So.3d 864, 865. The § 2254 Petition was filed before the limitations period expired.

        C.      <u>Faciane's claims are unexhausted and procedurally defaulted.</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Exhaustion is satisfied if the petitioner "fairly presents" each claim to the appropriate state courts in a procedurally proper manner, and alerts that court to the federal nature of the claim. *See* 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004) (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (claim for federal relief must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

If a petitioner fails to exhaust available state remedies, and the court to which the petitioner would be required to present his claims to meet the exhaustion requirement would find the claims procedurally barred, the claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A federal court may only consider the merits of a procedurally defaulted claim if the petitioner shows "cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To show cause, the petitioner must identify some objective factor external to the defense that impeded efforts to comply with the relevant procedural rules. *See United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022). A factor is external to the defense if it cannot fairly be attributed to the movant. *Id.*

As to prejudice, a petitioner must show that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 493 (1986)). Courts need not consider prejudice if the petitioner fails to show cause, and vice versa. *Matchett v. Dretke*, 380 F.3d 844, 849 (5th Cir. 2004) (citing *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997)).

In his application for post-conviction relief, Faciane claimed that there was insufficient evidence to convict due to inconsistent testimony from the victim. ECF No. 1-2 at 44. The Third Circuit's ruling indicates that Faciane presented the same claim in his application for supervisory writs. *Id.* at 127. However, Faciane's claim was not based on federal law, and he did not mention the federal standard for

5

claims of insufficient evidence. Nor did the Third Circuit or Louisiana Supreme Court review the claim under the federal standard of *Jackson v. Virginia*, 443 U.S. 307 (1979). Therefore, the claim is unexhausted.

Faciane also seeks habeas relief because he was arraigned on the morning of trial.[1] Again, Faciane does not reference any federal law in support of his claim, nor did he present the federal nature of his claim to the state courts. Thus, the claim is unexhausted.

Finally, Faciane alleges that the entirety of the victim's videotaped interview should have been played for the jury. Faciane does not provide a federal basis for his claim. Nor did he present a federal claim in the state courts. The state courts did not evaluate the claim under the federal standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This claim is also unexhausted.

If Faciane now attempted to raise any of these claims in state court based on federal law, he would be procedurally barred because of the restriction on filing second or successive applications. *See State v. Faciane*, 2024-00904, p. 1 (La. 11/6/24); 395 So.3d 864. Therefore, Faciane's claims are now procedurally defaulted.

Faciane presents no objective external cause for his failure to assert the federal nature of his claims in the state courts. As such, he cannot overcome the procedural default. *See Martinez*, 566 U.S. at 10.

---

[1] After Faciane was charged by bill of information, the State amended the bill to adjust the dates of the offenses. Faciane was arraigned on the new bill on the morning of trial. ECF No. 1-2 at 86.

### D. There was sufficient evidence to convict.

Even if the insufficient evidence claim is exhausted, the claim fails. As the appellate court summarized:

> During a three-day trial, the jury heard the testimony from C.F., who testified that Defendant, her stepfather, began having sexual intercourse with her beginning in the summer of 2013, when she was fourteen years of age, and continuing until after she reached eighteen years of age. Pastor Adam Leday, Executive Associate Pastor of Refuge Temple Ministries, Inc. (Refuge Temple), testified that in April 2017, C.F. told him that Defendant had been having sex with her since she was fourteen years old, continuing until about two weeks before their meeting. He agreed to meet with C.F. and her mother the following day so that C.F. could tell her mother, who was unaware of the situation. He stated that he and the senior pastor of the church met with C.F. and her mother, and that Defendant was outside the room during the meeting. Although the door to the room was closed, he stated that he could hear Defendant saying, "That's not true. That's not true." Thereafter, Pastor Leday testified tha0t Defendant wanted to tell his side of the story and did so in the pastor's office out of the presence of his wife and C.F. He stated that Defendant admitted to having a sexual relation with C.F., but only after she turned eighteen years of age. C.F.'s mother testified and confirmed the meeting with C.F. and Pastor Leday. Detective Robert White, of the Lafayette Police Department, testified that on April 13, 2017, he took a recorded video statement of Defendant after he was advised of and waived his *Miranda* rights. In the video statement, Defendant admitted to engaging in sexual intercourse with C.F. when she was seventeen and eighteen years of age, but he denied earlier contact.

*Faciane*, 297 So.3d at 825.

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d

7

691, 695 (5th Cir. 2005), *cert. denied*, 546 U.S. 831 (2005). It is the "responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. at 2. Additionally, the Court's review is limited to the evidence presented at trial. *See Johnson v. Cain*, 347 F. App'x 89, 91 (5th Cir. 2009) *cert. denied*, 559 U.S. 995 (2010).

Faciane was convicted of five counts of aggravated crimes against nature, La. R.S. 14:89.1(A)(2), which prohibits engaging in any of the enumerated prohibited acts[2] when the victim is under 18 and "known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece." La. R.S. 14:89.1(A)(2)(a).

Faciane points out various inconsistencies in the victim's pre-trial statements and her trial testimony. First, there were discrepancies regarding the number of times sexual intercourse occurred. The victim told Detective White that she and Faciane had sex five times when she was 14, and probably 10 more times before she turned 18. ECF No. 1-2 at 6-7. However, she testified at trial that she had sex with Faciane at least 15 times when she was 17. ECF No. 1-2 at 16. She told the detective that they had sex "often" and it was a "normal routine." *Id.* at 5, 6. After

---

[2] The statute prohibits: "(i) Sexual intercourse, sexual battery, second degree sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile or a person with a physical or mental disability, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state; or (ii) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both." La. R.S. 14:89.1(A)(2)(b).

8

she turned 18, sexual intercourse became "a weekly thing like it was all the time." *Id.* at 7.

Still, the victim told both Detective White and the jury that her stepfather began having sexual intercourse with her when she was 14, continuing until after she turned 18. *See Faciane*, 297 So.3d at 825; ECF No. 1-2 at 2-3, 12-14. Her testimony was consistent that intercourse occurred more often than five times when she was under 18, which is the number of counts of which he was convicted. *Id.*

Faciane highlights the victim's trial testimony that Faciane pressured her to have sex, and that she never initiated intercourse. *Id.* at 13. However, the victim told Detective White that Faciane never forced her "to do anything even though [she] was young," and that she pursued Faciane. ECF No. 1-2 at 3; 27. Under the law, whether the minor victim pursued Faciane is irrelevant. *See* La. R.S. 14:89.1(A)(2).

Faciane asserts that the victim's testimony at trial that he threatened her with a knife was a lie because she did not relay those claims to the detective during the investigation. ECF No. 1-2 at 19, 29. Faciane's counsel revealed this inconsistency during cross-examination of the detective. *Id.* at 29.

Trial counsel also revealed that the victim claimed to have been encouraged by her grandmother to make a statement when she met with Detective White, but then denied such encouragement at trial. *Id.* at 21.

Even one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. *See State v. Alverez*, 13-1652, p. 6 (La. App. 4 Cir.

9

12/23/14), 158 So.3d 142, 148 (citing *State v. Robinson*, 02-1869, p. 16 (La. 4/14/04), 874 So.2d 66, 79); *State v. Summers*, 10-0341, p. 7 (La. App. 4 Cir. 12/1/10), 52 So.3d 951, 955 ("The testimony of the victim alone is sufficient to establish the elements of the offense."). The jury clearly found the victim's testimony credible despite the inconsistencies. Her testimony, plus Faciane's confession to a pastor and to police, viewed in the light most favorable to the prosecution, were sufficient to convict Faciane. *See Jackson*, 443 U.S. at 319; *Faciane*, 297 So.3d at 828.

Therefore, even assuming the claim of insufficient evidence was exhausted, it is meritless.

> **E.** <u>**Faciane does not establish a constitutional violation regarding his arraignment.**</u>

Even if the improper arraignment claim is considered exhausted, the claim would be unsuccessful. Louisiana law allows for the amendment of an indictment or bill of information prior to trial, *see State v. Davis*, 385 So.2d 193, 196 (La.1980), and that is what occurred in this case. *See Roddy v. Cain*, 11-CV-00730, 2015 WL 1276460, at *11 (M.D. La. 2015), *aff'd sub nom. Roddy v. Vannoy*, 671 F. App'x 295 (5th Cir. 2016). Such an amendment does not result in a constitutional violation where the defendant has been placed on notice of the offense so that he may prepare a defense. *Id.*

When the arraignment on the amended bill occurred, the trial court confirmed that Faciane was "not being caught off guard" and there was no supplemental discovery to be conducted. ECF No. 1-2 at 88. Faciane does not

establish that he lacked notice or was prejudiced in any way from re-arraignment immediately prior to trial.

### F. Faciane did not receive ineffective assistance of counsel.

Even if Faciane's ineffective assistance claim was exhausted, it fails on its merits. To establish ineffective assistance of counsel, a petitioner must show that counsel's failure was objectively deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.

Faciane's counsel testified that the State would have insisted the entire video be played had the defense attempted to play only a portion. ECF No. 1-2 at 105. The victim's videotaped interview reportedly contained other information detrimental to the defense. *Id.* Therefore, defense counsel made a strategic decision to not introduce the video. *Id.*

Defense counsel is "afforded particular leeway where a potential strategy carries 'double-edged' consequences." *Mejia v. Davis*, 906 F.3d 307, 316 (5th Cir. 2018) (quoting *St. Aubin v. Quarterman*, 470 F.3d 1096, 1103 (5th Cir. 2006)). For instance, "a tactical decision not to . . . present potentially mitigating evidence on the grounds that it is double-edged in nature is objectively reasonable, and therefore does not amount to deficient performance." *Id.* (internal quotations

omitted) (quoting *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997)); *see also, e.g., Mann v. Scott*, 41 F.3d 968, 984 (5th Cir. 1994) (strategic decisions with "double-edged" consequences "are 'granted a heavy measure of deference in a subsequent habeas corpus attack'") (quoting *Wilkerson v. Collins*, 950 F.2d 1054 (5th Cir. 1992)).

Additionally, Faciane does not "affirmatively prove prejudice" caused by his attorney's decision. *Strickland*, 466 U.S. at 693. That is, he has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

At the post-conviction hearing, Faciane's attorney testified that his cross-examination pointed out "some of the major inconsistencies," although not "every single inconsistency." ECF No. 1-2 at 92-93. Trial counsel noted the victim's failure to tell detectives about an incident where she was threatened with a knife. *Id.* at 29. Counsel revealed that the victim originally claimed to have been encouraged by her grandmother to make a statement to Detective White but denied such encouragement at trial. *Id.* at 21. Counsel pointed out that during an interview, the victim claimed that she and Faciane pursued each other; that it felt like "a real relationship"; and that she never mentioned that Faciane had threatened her. *Id.* at 27. At trial, the victim stated the opposite. Faciane's attorney also uncovered discrepancies in her testimony and prior statements regarding the number of times intercourse allegedly occurred.

12

Still, the jury chose to believe the victim's trial testimony. Faciane does not establish a different outcome was likely had the video been played at trial.

## III. Conclusion

Because Faciane's claims are procedurally defaulted and, alternatively, meritless, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments

on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, April 29, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE